UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES BEAN | ) | |
| | ) | |
| v. | ) | No. 3:14-00148 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence, and Memorandum In Support (Docket Nos. 1, 2), filed by the Movant/Petitioner, pro se. In response, the Government filed a Motion To Dismiss (Docket No. 9), to which the Petitioner has filed a response and affidavit (Docket No. 21).

For the reasons set forth herein, the Court GRANTS the Government's Motion To Dismiss (Docket No. 9) and DENIES Petitioner's Motion To Vacate (Docket No. 1). Accordingly, this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, Petitioner pled guilty, pursuant to a Plea Agreement, to a drug conspiracy involving 280 grams of crack cocaine, and a quantity of powder cocaine and marijuana, in violation of 21 U.S.C. § 846. (Docket Nos. 3, 362, 363 in Case No. 3:11-00194). The Plea Agreement provided for the dismissal of two firearms charges against the Petitioner, and contemplated the imposition of a mandatory minimum custodial sentence of 10 years. (Id.) At the subsequent sentencing hearing, the Court sentenced the Petitioner to the mandatory minimum 10-year sentence. (Docket Nos. 990, 992, 993,1129 in Case No. 3:11-00194).

The Petitioner appealed his conviction and sentence, but the Sixth Circuit affirmed. (Docket Nos. 1022, 1429, 1585 in Case No. 3:11-00194).

### III. Analysis

A. The Petitioner's Claims

The Petitioner claims that his conviction and sentence should be vacated because he received the ineffective assistance of counsel in the underlying criminal case.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir.

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

3

professional assistance." Strickland, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 2068.

Petitioner first argues that counsel was ineffective "for failing to 'properly' secure, object to and appeal a coerced plea of guilty." (Docket No. 1, at p. 4 of 14). Petitioner alleges that his plea was coerced because counsel erroneously told him that, if he pled guilty, he would receive a sentence of no more than five years imprisonment that would be split with home confinement. (Docket No. 21, at ¶¶ 2, 3, 10). Petitioner's claim is clearly contradicted by the record.

At the change of plea hearing, the Court explained to the Petitioner several times that if he pled guilty, he would be subject to a 10-year mandatory minimum sentence. (Transcript of Change of Plea Hearing, at 16, 21, 23-27 (Docket No. 958 in Case No. 3:11-00194)). After the initial explanation, the Court specifically asked the Petitioner if he understood the mandatory minimum sentence, and the Petitioner answered: "Yes, sir." (Id., at 17).

Later in the proceedings, in discussing the terms of the Plea Agreement, the Court provided a further explanation of the mandatory minimum sentence:

> Q. . . . So the bottom line on that, Mr Bean, is you can argue for whatever sentence you want that is permitted by law, but again there is a ten-year mandatory minimum sentence. Do you feel like you understand that?
>
> A. Yeah. Ten-year mandatory minimum sentence. That means that that's pretty much how I got to do, right?
>
> Q. Let me explain, make sure you understand that there is a ten-year mandatory minimum sentence. So as things stand right now, by pleading guilty you will receive at least a ten year mandatory minimum sentence. There are theoretically two possible exceptions. And there is no indication in this plea agreement that

4

any of these exceptions will apply, but I want to tell you about them. One is the so-called safety valve exception. And it is complicated, but basically to qualify, you have to have a very limited criminal history and to have fully provided information to the government about your offense. There is no indication in the plea agreement that you would qualify for the so-called safety valve.

There is another exception to the mandatory minimum sentence which is what is called a motion for downward departure based on substantial assistance, meaning if you provide substantial assistance to the government that results in aiding the government in the prosecution of somebody else, then the government could file a motion for downward departure based on substantial assistance. And if the Court granted it, then you could be sentenced under the mandatory minimum. So there really are only two exceptions to a mandatory minimum sentence, either the safety valve or substantial assistance motion. There is no indication in this case that you will qualify for either one, so what I want to make sure you understand that by pleading guilty you will receive at least a ten-year sentence. And so that but at this point I can't tell you what your sentence will be other than that mandatory minimum. It could not go lower than that under the plea agreement.

A. Okay. I am sorry, but the safety valve, what was it? It was on my criminal history and what else about it?

> THE COURT: Mr. Fickling,[2] would you like to interject yourself?
>
> MR. FICKLING: Yes sir. Mr. Bean, you are not cooperating in this case, correct?
>
> THE DEFENDANT: Right.
>
> MR. FICKLING: And you understand that under the law, you can receive a less than mandatory minimum sentence if you cooperate. So you understand you are not cooperating; is that correct?
>
> THE DEFENDANT: Correct.
>
> MR. FICKLING: Okay. Now, the judge has explained to you that there is also a provision in the guidelines called safety valve. Now, there is no indication in the agreement that the Court is reviewing with us - -

---

[2] Craig Fickling served as counsel for the Petitioner.

THE DEFENDANT: I understand that.

MR. FICKLING: - - that you are eligible for that. That does not necessarily mean that you are ineligible for it, just that the Court does not have that information in front of it, okay?

THE DEFENDANT: Okay.

MR. FICKLING: As I understand the plea agreement and as you understand it, you can ask the Court if you are safety valve eligible, and the Court may or may not accept your arguments for that. Do you understand that?

THE DEFENDANT: Okay.

MR. FICKLING: And if the Court decides that you are not safety valve eligible, despite your arguments that you are, then the sentence that you will receive will be at least a minimum of ten years. Do you understand that?

THE DEFENDANT: Okay. I understand.

MR. FICKLING: And should you change your mind and cooperate, that would be up to the government whether or not it asked for a less than a mandatory minimum sentence sometime in the future.

(Id., at 23-26). The Court then went on to elaborate on the safety valve criteria, and again explained the mandatory minimum sentence to the Petitioner:

Q. . . . The point I want to make is by pleading guilty here today, you are subject to a ten-year mandatory minimum sentence. There are two possible exceptions. There is nothing in this plea agreement that leads me to believe either exception would apply. If you have arguments about that at sentencing, I will certainly consider them. But as things stand today, there is a ten-year mandatory minimum sentence, and I want to make sure you understand that.

A. Yes, Your Honor, I understand.

6

(Id., at 27).

At no time during the change of plea hearing did the Petitioner mention any suggestion that he was promised a maximum sentence of five years that would be split with home confinement. The Petitioner also failed to mention any such promise during his allocution at the sentencing hearing, during which he said: "Jail isn't a place I don't agree - - don't like it. It is not for me. It is not something that I can see myself doing *for the next ten years*." (Sentencing Transcript, at 24 (Docket No. 1129 in Case No. 3:11-00194)). The Petitioner's claim that he was promised a five-year sentence, made over a year later, is inherently incredible.[3] Accordingly, this claim is without merit.

Next, Petitioner argues that counsel was ineffective for failing to object to the Court's calculation of drug quantity attributable to him, and to the lowered standard of proof applied by the Court in determining drug quantity. In support of his argument, the Petitioner cites the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013), which held that the finding that a defendant brandished a firearm, required for application of a mandatory minimum statutory sentence, must be found by a jury beyond a reasonable doubt, rather than the court at sentencing applying a preponderance of the evidence standard.

As noted above, the Petitioner pled guilty to engaging in a conspiracy to distribute, and possess with intent to distribute, 280 grams or more of cocaine base, and a quantity of cocaine and marijuana. (Docket No. 130 in Case No. 3:11-00194). The Court read the charge to the

---

[3] The Government has filed the Affidavit of Mr. Fickling, in which he denies promising the Petitioner any sentence whatsoever, including a five-year sentence with split confinement. (Docket No. 22-1). However, the Court finds it unnecessary to rely on counsel's affidavit to resolve Petitioner's claim for the reasons set forth above.

Petitioner at the change of plea hearing, and discussed the relevant statutes he allegedly violated. (Docket No. 958, at 8-12, in Case No. 3:11-00194). The Court also explained to the Petitioner that as part of the Plea Agreement, he was agreeing to plead guilty to a conspiracy involving 280 grams of crack cocaine, and a quantity of cocaine, and marijuana. (Id., at 21). In describing the sentencing calculations made in the Plea Agreement, the Court explained to the Petitioner that the parties had agreed that the offense involved 800 grams to 2.8 kilograms of crack cocaine. (Id., at 22).

In addition, the witness called by the Government at the change of plea hearing testified that as part of the conspiracy to which the Petitioner was pleading guilty:

> . . . each of the defendants named in this indictment, including Bean, personally sold over 300 grams of crack cocaine. By entering this plea, this guilty plea, the defendant agrees the amount of crack cocaine that was reasonably foreseeable and distributed in furtherance of the conspiracy is (sic) amounted to at least one kilogram.

(Id., at 32). After the witness testified, the Court addressed the Petitioner about the witness's testimony:

> THE COURT: Mr. Bean, if you'd come back up to the podium please, sir.
>
> Mr. Bean, did you hear the agent testify?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Is what he said about your conduct correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you offering to plead guilty because you are in fact guilty as charged in Count One of the Superseding Indictment?
>
> THE DEFENDANT: Yes, sir.

(Id., at 36).

Because the Petitioner did not proceed to trial, and admitted to a quantity of 280 grams or more of cocaine base (crack cocaine) at the change of plea hearing, the holding in Alleyne does not apply. Consequently, any objection to drug quantity by counsel at sentencing would not have been successful, and could have resulted in a breach of the Plea Agreement. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel). Accordingly, this claim is also without merit.

Finally, Petitioner argues that counsel was ineffective because he failed to challenge and appeal the "cumulative effect of the multiple errors" in his criminal case. Because the Petitioner has failed to demonstrate that counsel committed errors in representing him, either at the trial level or on appeal, his argument regarding the cumulative effect of the errors is inapplicable and without merit.

To the extent the Petitioner contends that counsel was unprepared or failed to properly investigate his case, Petitioner has failed to articulate any specific tasks counsel failed to perform that resulted in prejudice to Petitioner's defense. Conclusory, unsupported allegations are legally insufficient to support a motion to vacate. See, e.g., McConnell v. United States, 162 F.3d 1162, 1998 WL 552844 (6th Cir. Aug., 10, 1998).

IV.  Conclusion

For the reasons set forth herein, the Court concludes that the Government's Motion To Dismiss should be granted, and Petitioner's Motion To Vacate should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order,

such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE